UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YELLOWPAGES PHOTOS, INC.,**

      **Plaintiff,**

v.                                                              CASE NO.:

**TATA CONSULTANCY SERVICES
LIMITED, INC.,**

      **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff, Yellow Pages Photos, Inc. ("YPPI"), sues Defendant, Tata Consultancy Services Limited, Inc. ("Tata"), and alleges the following:

**Nature of the Case**

1. This is a civil action to remedy the infringement by Tata of YPPI's federally registered copyrights in YPPI's photographic image collections that are used to create ads, including those for telephone directories. Tata, who is not now and has never been one of YPPI's licensees, has possession of and is profiting from the use of YPPI's copyrighted images. Tata has used and is continuing to use YPPI's copyrighted photographic images to create many thousands of advertisements for telephone directory publishers, without license or permission from YPPI, in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*.

**The Parties**

2. YPPI is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Riverview, Florida, which is within the geographical jurisdiction of the Tampa Division of this Court.

3. Tata is an India corporation, registered to do business in the State of Florida, and having its principal place of business in New York, New York.

## Subject Matter Jurisdiction

4. This Court possesses subject matter jurisdiction over this case under 28 U.S.C. §§1331 and 1338 because this is an action by YPPI under the Copyright Act, 17 U.S.C. § 101 *et seq.*, based on Tata's infringement of YPPI's copyrights.

## Personal Jurisdiction

5. Tata registered to do business in the State of Florida in 2004 and has been continuously registered to do business in the State of Florida since that time.

6. Since at least 2014, Tata has knowingly created advertisements for use in telephone directories distributed and used throughout the geographic region encompassed by Middle District of Florida, including advertisements created for use in directories for Tampa, Brandon, St. Petersburg, Hernando County, Orlando, and Jacksonville, Florida, which advertisements contain YPPI's copyrighted images at issue. Because such advertisements include the addresses of the businesses to which they relate, Tata knew and knows that the advertisements are intended for distribution and use within the Middle District of Florida.

7. Tata has committed numerous acts of copyright infringement, as described more specifically below, causing injury to YPPI within the State of Florida and the Tampa Division of the Middle District of Florida.

8. By virtue of Tata's actions and commission of wrongful acts and causation of damages to YPPI, as described in this Complaint, Tata has subjected itself to personal jurisdiction in the State of Florida.

**Venue**

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**Factual Background**

10.  AdMedia Systems, Inc. ("AdMedia"), which was formerly named and did business as "Yellow Pages Photos, Inc.", is a Florida corporation under common ownership with YPPI.  Both AdMedia and YPPI are owned by W. Trent Moore, who is the sole stockholder, officer, and director of both companies.

11.  Mr. Moore created AdMedia on March 1, 2000, to produce, own, and license to customers copyrighted stock photographic images for use in creating, producing, and publishing advertisements, specifically including those used in telephone directories (the "YPPI Images").

12.  On November 3, 2006: (i) AdMedia changed its name from "Yellow Pages Photos, Inc." to "AdMedia Systems, Inc."; (ii) a new company, YPPI, was incorporated as "Yellow Pages Photos, Inc." to continue the then existing business of AdMedia, including the business relating to the YPPI Images; and (iii) AdMedia assigned to YPPI all of its right, title, and interest in and to the YPPI Images, and all actions and causes of action for infringement of the copyrights in the YPPI Images.  A true and correct copy of the Assignment is attached hereto as Exhibit A.

13.  Following the Assignment, YPPI assumed and continued the former business of AdMedia relating to the YPPI Images.

14. In early 2007, YPPI began registering the copyrights in the YPPI Images. YPPI complied, in all material respects, with the laws of the United States governing copyrights, secured the exclusive rights and privileges in and to the copyrights in the YPPI Images and received from the Register of Copyrights registrations for the copyrights relating to the YPPI Images.

15. Since November 3, 2006, YPPI has been, and continues to be, the owner of all right, title, and interest in and to all the YPPI Images, the copyrights in the YPPI Images, and, since their issuance, the registrations of the copyrights in the YPPI Images.

16. YPPI has retained the law firm of Fee & Jeffries, P.A. to vindicate its rights against Tata and is obligated to pay reasonable attorneys' fees for its attorneys' services.

17. All conditions precedent to the institution and maintenance of this action have occurred or been performed by YPPI.

## Count I — Direct Copyright Infringement

18. YPPI realleges and incorporates by reference the allegations in paragraphs 1 through 17 above.

19. Since February 2014, Tata has been copying, transmitting, and using many hundreds of YPPI Images in connection with its creation and production of many thousands of advertisements for telephone directories published for municipalities and counties nationwide, including many advertisements appearing in directories that have been distributed and used in the Middle District of Florida ("Tata's Infringing Ads").

20. As of the filing date of this Complaint, YPPI identified Tata Infringing Ads that use the YPPI Images listed on Exhibit B to this Complaint (the "Known Infringed YPPI Images").

21. The Known Infringed YPPI Images are covered by the following YPPI copyright registrations: Registration Nos. VA 1-403-480, VA 1-403-481, VA 1-403-482, VA 1-410-130, VA 1-410-131, VA 1-410-132, VA 1-410-133, VA 1-410-134, VA 1-410-136, VA 1-424-864, VA 1-426-212, VA 1-431-678, VA 1-431-681, and VA 1-631-315 (collectively, "YPPI's Known Infringed Registrations"). Each of the above YPPI's Known Infringed Registrations contains multiple image collections. True and correct copies of Certificates of Registration for each of YPPI's Known Infringed Registrations, together with copies of the image collections incorporating the Known Infringed YPPI Images covered by each such registration, are attached as Composite Exhibit C.

22. YPPI's investigation into Tata infringing activity is continuing and YPPI reasonably believes that it will discover that Tata is also infringing additional YPPI Images and that such additional images will be covered by other YPPI copyright registrations.

23. At no time has YPPI licensed or otherwise authorized Tata to copy, transmit, or use any of the YPPI Images in connection with Tata's Infringing Ads or for any purpose.

24. Tata's copying, transmitting, and use of YPPI Images in connection with Tata's infringing Ads directly infringes YPPI's federally-registered copyrights in those YPPI Images in violation of the United States Copyright Act, 17 U.S.C. § 501.

25. Tata is a large, sophisticated, international business and either knew, or was willfully ignorant, that its copying, transmittal, and use of YPPI Images in connection with Tata's Infringing Ads constituted direct copyright infringement. Thus, Tata has willfully infringed and continues to willfully infringe YPPI's federally-registered copyrights in the YPPI Images.

26. YPPI has suffered damages as a result of Tata's willful infringement of YPPI's federally-registered copyrights in the YPPI Images, the exact amount and extent of which is currently unknown to YPPI.

27. Tata is profiting from its direct copyright infringement resulting from its unlicensed and otherwise unauthorized copying, transmittal, and use of YPPI Images in connection with Tata's Infringing Ads.

28. Pursuant to 17 U.S.C. §§ 502, 504, and 505, and as a result of Tata's willful direct infringement of YPPI's copyrights in the YPPI Images, YPPI is entitled to an award of damages it suffered as a result of Tata's direct infringement, an award of Tata's profits attributable to Tata's direct infringement, statutory damages as an alternative to an award of YPPI's damages and Tata's profits, enhancement of such monetary relief due to Tata's willful infringement, permanent injunctive relief, attorneys' fees, and costs.

WHEREFORE, YPPI respectfully demands judgment against Tata and:

(a) an order directing Tata to deliver to YPPI for destruction all copies of infringing materials and all copies of the YPPI Images, in any media, in Tata's possession, custody, or control;

(b) actual damages suffered by YPPI as a result of Tata's infringement of YPPI's copyrights in the YPPI Images;

(c) an accounting of Tata's profits derived from its infringement of YPPI's copyrights in the YPPI Images and an order that such profits be disgorged and paid over to YPPI;

(d) in the alternative at YPPI's election, statutory damages up to the amount of $150,000.00 for each separately registered collection of YPPI Images infringed by Tata;

(e) an enhancement of the monetary award to YPPI and against Tata as a result of Tata's willful infringement of YPPI's copyrights in the YPPI Images;

(f) an injunction permanently enjoining and restraining Tata, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing YPPI's copyrights in the YPPI Images through further reproduction, use, publication, distribution, and display of the YPPI Images;

(g) an order directing Tata to file with this Court and serve upon YPPI a certification in writing under oath setting forth in detail the manner and form in which Tata has complied with the injunction entered by this Court within thirty (30) days after the entry of the injunction;

(h) pre and post-judgment interest on such damages and profits at the highest rate allowed by law;

(i) attorneys' fees;

(j) costs of this action; and

(k) such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

YPPI hereby demands a trial by jury on all issues so triable.

Dated: February 15, 2017

Respectfully submitted,

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
aperez@feejeffries.com

*Counsel for Plaintiff,*
*Yellow Pages Photos, Inc.*