**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YELLOWPAGES PHOTOS, INC.,

      Plaintiff,

v.                                                                    Case No: 8:17-cv-388-T-36TGW

TATA CONSULTANCY SERVICES
LIMITED, INC.,

      Defendant.

_____/

## <u>ORDER</u>

This cause comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 69). Defendant, Tata Consultancy Services Limited, Inc. ("TCS"), moves to dismiss the Amended Complaint on the grounds that Plaintiff's claims are barred by claim preclusion and collateral estoppel. Plaintiff, Yellowpages Photos, Inc. ("YPPI"), filed a Response in Opposition to the Motion to Dismiss (Doc. 73). The Court, having considered the parties' submissions and being fully advised in the premises, will deny Defendant's Motion to Dismiss.

### I.      STATEMENT OF FACTS[1]

This civil action alleges infringement by TCS of YPPI's federally registered copyrighted photographic image collections. Doc. 58, ¶ 1. YPPI is a corporation under common ownership with AdMedia Systems, Inc. *Id.*, ¶ 9. AdMedia Systems, Inc. ("AdMedia"), formerly named Yellow Pages Photos, Inc., was created in 2000 for the purpose of producing and licensing

---

[1] The following statement of facts is derived from YPPI's Amended Complaint (Doc. 58), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

copyrighted stock photographic images ("YPPI images") for use in creating, producing, and publishing advertisements in telephone directories. *Id.*, ¶¶ 9-10. In 2006, AdMedia changed its name from Yellow Pages Photos, Inc. to its current name. *Id.*, ¶ 11. A new company, YPPI, was incorporated to continue the existing business of producing and licensing copyrighted YPPI images. *Id.* AdMedia assigned to YPPI all of its right, title, and interest in the YPPI images, as well as all causes of action for infringement. *Id.*, ¶ 11. YPPI assumed and continued the former business related to the YPPI images. *Id.*, ¶ 12. YPPI began registering the copyrights of the YPPI images in early 2007. *Id.*, ¶ 13.

TCS is a large, sophisticated, international business. *Id.*, ¶ 26. Since February 16, 2014, TCS has been copying, transmitting, and using hundreds of YPPI images in connection with the creation and production of thousands of advertisements for telephone directory publishers. *Id.*, ¶ 18. The telephone directory publishers TCS has created advertisements for using YPPI images include YP, LLC ("YP"), Print Media, LLC ("Print Media"), and Dex Media, Inc. ("Dex Media"). *Id.*, ¶ 1, 18. TCS has also been copying, transmitting, and using YPPI images in connection with the creation and production of webpages and other web-based media for customers of YP and Dex Media. *Id.*, ¶ 20.

TCS used YPPI images without license or permission from YPPI. *Id.*, ¶¶ 1, 6. TCS is not now and has never been one of YPPI's licensees. *Id.*, ¶ 1. YPPI never authorized TCS to copy, transmit, or use any of the YPPI images for any purpose. *Id.*, ¶ 24. The images TCS impermissibly used are covered by various YPPI copyright registrations. *Id.*, ¶ 22. TCS is profiting from its infringement of YPPI's federally registered copyrights. *Id.*, ¶ 28. YPPI is continuing to investigate TCS' infringement, and YPPI believes that it will discover additional infringements by TCS. *Id.*, ¶ 23.

## II.      LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).   Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Furthermore, mere naked assertions are not sufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id*. (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id*.

## III.      DISCUSSION

In its Motion to Dismiss, TCS alleges the claims and issues in this lawsuit were previously litigated in the Bankruptcy Court for the District of Delaware and are therefore barred by the doctrines of claim preclusion and collateral estoppel. Doc. 69, p. 2, 16-25. YPPI, on the other hand, argues that TCS' Motion to Dismiss should be denied because it raises issues and evidence that are not apparent from the face of YPPI's Amended Complaint. Doc. 73, p. 3. Further, YPPI argues, TCS' arguments raise issues of fact that are more appropriately resolved on a motion for summary judgment. *See id.*, p. 5.

A district court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The document attached to a defendant's motion to dismiss must be one that is referred to in the

plaintiff's complaint. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). When a defendant raises a res judicata defense in a motion, "a court must examine the record to determine whether the issue has been actually or could have been litigated and to ascertain whether there has been a final judgment in the other proceeding." *Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1253, n. 13 (11th Cir. 2013) (quoting *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir.1983)). The requirement that the court examine such record(s) often means, then, that issues of res judicata will be addressed upon a motion for summary judgment. *See Casaburro v. Beery*, No. 6:14–cv–890–Orl–37KRS, 2014 WL 4854291, at *2 (M.D. Fla. Sept. 29, 2014) (citing *Jones*, 708 F.2d at 515). However, a court may consider the defense on a motion to dismiss when "the existence of the defense can be judged from the face of the complaint." *Starship Enterprises of Atlanta, Inc.*, 708 F.3d at 1253, n. 13.

TCS' Motion to Dismiss is based entirely on a res judicata defense.[2] To prove that the claims and issues in this lawsuit have already been addressed by prior court proceedings, TCS provides the Court with 12 pages of factual background explaining the multiple entities, agreements, and previous litigation in the United States Bankruptcy Court for the District of Delaware. Doc. 69, pp. 4-16. TCS attaches 17 exhibits, totaling 356 pages, to its Motion to Dismiss. *Id.*, Exh. 1-17. Many of the exhibits are written opinions of the United States Bankruptcy Court for the District of Delaware. *Id.*, Exh. 1, 3, 6-7, 10-11, 13, 16. Other exhibits include pleadings and motions and attachments of contracts and letters. *Id.*, Exh. 2, 4-5, 8, 12, 14. TCS also provides an "Ad Comparison Chart" showing that the ads at issue in this lawsuit are the "same ads at issue" in the prior litigation. *Id.*, Exh. 15; *Id.*, p. 15.

---

[2] The term res judicata comprises both of TCS' defenses: claim preclusion and collateral estoppel. *Empire Fire and Marine Ins. Co. v. J. Transport, Inc.*, 880 F.2d 1291, 1295 (11th Cir. 1989) (citing *Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530 (5th Cir. 1978)).

The vast majority, if not all, of the exhibits TCS relies on are not referred to in YPPI's Amended Complaint. *See* Doc. 58. Moreover, YPPI's Amended Complaint makes no mention of the prior litigation on which TCS relies for its res judicata defense. The exhibits attached to YPPI's Amended Complaint include only copyright application forms, copyright certificates, and copies of YPPI images that were copyrighted and, allegedly, unlawfully used by TCS. *Id.*, Exh. 1-7. Accordingly, it cannot be said that TCS' res judicata defense may be judged from the face of the Amended Complaint. Therefore, the Court cannot properly consider the multiple documents attached to the Motion to Dismiss without converting it into a motion for summary judgment.

The Court declines to convert the Motion to Dismiss into a motion for summary judgment at this stage. *See Casaburro*, 2014 WL 4854291, at *2 (holding that state court documents attached to the defendants' motion to dismiss that were not expressly referenced in the plaintiff's complaint could not be considered by the court on a motion to dismiss, declining to dismiss plaintiff's complaint on res judicata grounds, and declining to convert the motion into one for summary judgment). TCS does not discuss the alternative possibility of summary judgment in its Motion to Dismiss, and YPPI protests such a conversion. Doc. 69; Doc. 73, p. 2. Moreover, the parties are in the process of conducting discovery, the deadline which is February 8, 2019. Doc. 84. And, the deadline for filing dispositive motions is not until March 8, 2019, more than six months away. *Id.* Requiring the parties to supplement their submissions with complete summary judgment evidence would be premature at this stage.

Accordingly, it is hereby **ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. 69) is denied. Defendant may reassert its res judicata defense in a motion for summary judgment.

**DONE AND ORDERED** in Tampa, Florida on August 17, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any