**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| YELLOW PAGES PHOTOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TATA CONSULTANCY SERVICES LIMITED, INC, <br><br> Defendant. | Case No.: 8:17-cv-00388-WFJ-CPT |

**DEFENDANT'S NOTICE TO CORRECT THE RECORD REGARDING YELLOW PAGES PHOTOS, INC.'S RESPONSE TO THE <u>MOTION FOR RECONSIDERATION</u>**

Defendant Tata Consultancy Services Limited ("<u>TCS</u>") respectfully submits this Notice to correct the record in response to a recent submission by Plaintiff Yellow Pages Photos, Inc. ("<u>YPPI</u>"). As discussed more fully below, on August 27, 2019, YPPI submitted a brief in which YPPI represented that "the 'compensation' YPPI received from SuperMedia for its copyright infringement of the YPPI images related to the 43-day 'administrative expense period' of the SuperMedia bankruptcy." (Dkt. 133 at 3-4.) As YPPI knows, that is untrue. In fact, the Delaware Bankruptcy Court rejected YPPI's infringement claims related to the 43-day administrative expense period in their entirety, as made clear by the District Court of Delaware in rejecting YPPI's appeal: "The Bankruptcy Court found no evidence of any such transfers during the administrative expense period, and, therefore, denied YPPI's Administrative Expense Claim." (Ex. A at 6 (citation omitted).) It is unclear if YPPI's

misrepresentation played a role in the Court's decision to deny TCS's motion for reconsideration.

By way of brief background, on July 19, 2019, the Court entered an order denying TCS's motion for summary judgment. (Dkt. 124.) Shortly thereafter, on August 1, 2019, TCS filed a motion for reconsideration. (Dkt. 126.) By Endorsed Order dated August 5, 2019, the Court asked TCS to supplement its motion for reconsideration to address certain questions, including the following: "Did not the bankruptcy court find a breach because the licensee physically transferred the images to Tata and in fact award damages for same?" (Dkt. 127.)

On August 9, 2019, TCS submitted its supplemental brief in support of its motion for reconsideration. (Dkt. 128.) In response to the Court's question regarding the physical transfer of images to TCS, TCS stated: "The Bankruptcy Court awarded YPPI $75,000 in damages for that transfer, and SuperMedia paid that judgment in full in 2016." (*Id*. at 3 (citations omitted).)

On August 27, 2019, YPPI submitted its supplemental brief in opposition to TCS's motion for reconsideration. (Dkt. 133.) In its submission, YPPI accused TCS of being "less than candid" with the Court regarding the proceedings in Delaware. (*Id*. at 4.) In particular, YPPI stated that "the 'compensation' YPPI received from SuperMedia for its copyright infringement of the YPPI images related to the 43-day 'administrative expense period' of the SuperMedia bankruptcy." (*Id*. at 3-4.) YPPI's representation is false.

In truth, the damages that the Delaware Bankruptcy Court awarded YPPI were in no way related to the 43-day administrative expense period of SuperMedia's bankruptcy. Although YPPI sought damages from SuperMedia for allegedly transferring YPPI's images during the 43-day administrative expense period—known as YPPI's "Administrative Expense

Claim"—the Delaware Bankruptcy Court rejected YPPI's Administrative Expense Claim in its entirety. As stated by the Delaware District Court in rejecting YPPI's appeal in the related Dex Media litigation: "The Bankruptcy Court found no evidence of any such transfers during the administrative expense period, and, therefore, denied YPPI's Administrative Expense Claim." (Ex. A at 6; *see also* Dkt. 103-12 at 49.) Thereafter, "YPPI moved for reconsideration of the Bankruptcy Court's denial of its Administrative Expense Claim." (Ex. A at 6.) The Bankruptcy Court "denied the motion for reconsideration." (*Id.*)

Thus, contrary to YPPI's representation, the compensation that YPPI received from SuperMedia for its copyright infringement of the YPPI images did ***not*** relate to the 43-day administrative expense period of the SuperMedia bankruptcy. Indeed, given that the Delaware Bankruptcy Court denied YPPI's Administrative Expense Claim in its entirety, YPPI received no compensation for the 43-day administrative expense period. Instead, the judgment paid by SuperMedia compensated YPPI for any of SuperMedia's physical transfers of YPPI's images, at any time, to any third parties. (*Id.* at 9-10.) In particular, this judgment included a payment of $75,000 to compensate YPPI for SuperMedia's transfer of YPPI's images to TCS in 2009:

| Transferee | Images Transferred | Dollar Amount |
|---|---|---|
| AMDOCS | 5,000 | $ 75,000 |
| Office Tiger | 5,000 | $ 75,000 |
| Tata | 5,000 | $ 75,000 |
| MPS | 5,000 | $ 75,000 |
| Web.com/Hostopia | 85 | $ 1,275 |
| Facebook | 10 | $ 150 |
| Google+ | 11 | $ 165 |
| SuperMedia Customers | 90 | $ 1,350 |
| General Public | 18 | $ 270 |
| Total | 20,214 | $303,210 |

(Dkt. 69-10 at 19.) Having compensated YPPI for the unlawful physical transfer to TCS, SuperMedia and TCS were allowed to continue using YPPI's images under the admittedly valid license with YPPI. (Ex. A at 11-12.)

3

It is unclear if YPPI's misrepresentation factored into the Court's denial of TCS's motion for reconsideration. Regardless, TCS felt obligated to correct the record to eliminate any past or future confusion as to the reason for the Bankruptcy Court's damage award in the SuperMedia litigation.

Dated: September 6, 2019            Respectfully submitted,

By: /s/ *Eric F. Leon, P.C.*
ERIC F. LEON, P.C. (admitted *pro hac vice*)
New York Bar No. EL5780
KUAN HUANG (admitted *pro hac vice*)
New York Bar No. KH3939
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: eric.leon@lw.com
kuan.huang@lw.com

By: /s/ *Ronald P. Hanes*
RONALD P. HANES
Florida Bar No. 375624
TROMBLEY & HANES, P.A.
707 North Franklin Street, 10th Floor
Tampa, Florida 33602
Telephone: (813) 229-7918
Facsimile: (813) 223-5204
Email: rhanes@trombleyhaneslaw.com
gtrombley@trombleyhaneslaw.com

*Attorneys for Defendant Tata Consultancy Services Limited*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 6th day of September 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties of record.

                                              /s/ *Eric F. Leon*
                                              ERIC F. LEON